Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
Nicholas W. McKinney, Bar No. 322792
nmckinney@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone:    916.830.7200
Fax No.:       916.561.0828

Attorneys for Defendant
CENTENE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DAMITRIA MALONE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>*[Removed from Sacramento Superior Court Case No. 24CV003102]*<br><br>**DECLARATION OF NICHOLAS W. McKINNEY IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Trial Date:       Not Yet Set<br>Complaint Filed:   February 21, 2024 |

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

McKINNEY DECLARATION ISO DEFENDANT'S
NOTICE OF REMOVAL TO FEDERAL COURT

I, Nicholas W. McKinney, do hereby declare and state as follows:

1.      I am an attorney with Littler Mendelson, P.C., attorneys of record for Defendant CENTENE CORPORATION (hereinafter, "Defendant"). I am duly licensed to practice law before the courts of the State of California and have been admitted to practice in the United States District Court for the Eastern District of California. I have personal knowledge of the facts set forth below and, if called upon to testify regarding the matters contained in this declaration, I could and would competently do so.

2.      On February 21, 2024, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Sacramento entitled *DAMITRIA MALONE, an individual, v. CENTENE CORPORATION; and DOES 1 through 50, inclusive,* Case No. 24CV003102 (the "State Court Action"). Attached hereto as **Exhibit A** is a true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference and Order to Appear which were served on Defendant on February 22, 2024, along with Defendant's Answer to Plaintiff's Complaint, which was filed with the Sacramento County Superior Court by Defendant on March 22, 2024.

3.      To my knowledge, no further process, pleadings, or orders related to this case have been filed in or issued from the Superior Court for the State of California, Sacramento County, or served by any party other than as described above.

4.      Pursuant to 28 U.S.C. § 1446(d), **Exhibit A** constitutes all process, pleadings, and orders filed in the State Court Action.

5.      I am not aware of any other proceedings that have been heard in the State Court Action, and no other parties have been named or served with the Summons and Complaint in the State Court Action.

6.      Immediately following the filing of the Notice of Removal in the United States District Court for the Eastern District of California, my office will arrange for notice of such filing to be given to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the Sacramento County Superior Court.

/ / /

/ / /

McKINNEY DECLARATION ISO DEFENDANT'S
NOTICE OF REMOVAL TO FEDERAL COURT                    2

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed at Sacramento, California on this 25th day of March 2024.

/s/ Nicholas W. McKinney
NICHOLAS W. McKINNEY

4873-2486-2636.1 / 082220-1284

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

McKINNEY DECLARATION ISO DEFENDANT'S
NOTICE OF REMOVAL TO FEDERAL COURT                3

# EXHIBIT A

DECLARATION OF NICHOLAS W. McKINNEY IN SUPPORT OF DEFENDANT'S
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
02/22/2024
By: _____ H. Thomas _____ Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

CENTENE CORPORATION; and Does 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

DAMITRIA MALONE, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of Sacramento - Gordon D. Schaber Courthouse

720 9th St, Sacramento, CA 95814

CASE NUMBER: (Número del Caso):
**24CV003102**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Michael J. Jaurigue (SBN 208123); Jaurigue Law Group; 300 W. Glenoaks Blvd. Suite 300, Glendale, CA 91202; (818) 630-7280

DATE:
(Fecha) 02/22/2024

Clerk, by
(Secretario) **/s/ H. Thomas**
, Deputy
(Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): CENTENE CORPORATION

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Michael J. Jaurigue (SBN 208123)
S. Sean Shahabi (SBN 204710)
Nicole R. Clancy (SBN 305341)
**JAURIGUE LAW GROUP**
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: 818.630.7280
Facsimile: 888.879.1697
service@jlglawyers.com
michael@jlglawyers.com
sean@jlglawyers.com
nicole@jlglawyers.com

*Attorneys for Plaintiff*
Damitria Malone

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/21/2024
By: _____ H. Thomas _____ Deputy

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

### SACRAMENTO COUNTY

| | |
|---|---|
| DAMITRIA MALONE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION; and Does 1 through 50, inclusive,<br><br>Defendant. | Case No. 24CV003102<br><br>**COMPLAINT**<br><br>1. Discrimination in Violation of Cal. Gov. Code. § 12900 *et seq.* ("FEHA")<br>2. Retaliation in Violation of FEHA under 12940 (h)<br>3. Failure to Prevent Discrimination, Harassment and/or Retaliation in Violation of FEHA<br>4. Wrongful Termination in Violation of Public Policy<br>5. Failure to Timely Pay Final Wages<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
**COMPLAINT**

1.   Plaintiff Damitria Malone (hereinafter, referred to as "Ms. Malone" or "Plaintiff"), individually, brings this action against Defendant Centene Corporation and Does 1 through 50, inclusive (hereinafter, referred to collectively as "Defendant") as follows:

### *PARTIES*

2.   Plaintiff is, and at all times relevant to this action was, a resident of Sacramento County, California.

3.   Plaintiff is informed and believes, and based thereon alleges, that Defendant Centene Corporation is a corporation organized under the laws of the State of Delaware and licensed to do business in the State of California.

4.   Defendant Centene Corporation at all times relevant herein, was and is conducting business in the state of California at 4151 E Commerce Way, Sacramento, CA 95834.

5.   At all times relevant herein, Plaintiff was employed by Defendant in the County of Sacramento, CA at 4151 E Commerce Way, Sacramento, CA 95834.

6.   Plaintiff does not know the true names of Defendant Does 1 through 50, inclusive, and therefore sues them by those fictitious names.  The names, capacities, and relationships of Defendants Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known to Plaintiff.

7.   Plaintiff is informed and believes and thereon alleges, that at all times mentioned in this Complaint, each Defendant was acting as the agent, employee, partner, co-conspirator or joint venturer of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, at all times, was acting within the course and scope of such agency, employment, partnership, joint venture, or concert of action.

8.   Plaintiff is informed and believes and thereon alleges that at all relevant times each of the Defendants was the integrated enterprise, joint employer of Plaintiff and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for the conduct of them. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as employers, either directly or indirectly, and of the manner in which Defendants' business was

conducted.

9.      Plaintiff is further informed and believes and thereon alleges that all Defendants acted pursuant to and within the scope of the relationships alleged above, that all Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants and that all Defendants acted pursuant to a conspiracy and agreement to do the things alleged herein.

10.     Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion, and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

*JURISDICTION AND VENUE*

11.     The amount of damages sought herein is greater than $25,000; hence this case is within the unlimited jurisdiction of this Court.

12.     At all times relevant herein, Plaintiff was a resident of the County of Sacramento California.

13.     This Court has jurisdiction over Centene Corporation because at all times relevant, it is and was authorized to transact, and is transacting business in Sacramento County, California.

14.     Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts, events, and omissions complained of herein occurred in Sacramento County, California.

15.     Plaintiff has exhausted all of the administrative requirements for proceeding with his/her/their claims under the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12900, et seq. (the "FEHA") by timely filing an administrative complaint against Defendants with the California Civil Rights Department ("CRD") on or around February 21, 2024, and receiving a Notice of Case Closure/Right-to-Sue Letter dated February 21, 2024.  Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's CRD administrative complaint.  Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's CRD Notice of Case Closure/Right-to-Sue letter.

*GENERAL ALLEGATIONS*

16.     Plaintiff is a former employee of Defendant, where she was employed as a Membership Accounting Representative, Vendor Operations Analyst, and Senior Vendor Analyst from October 3,

- 3 -

**COMPLAINT**

2011 until February 16, 2022.

17.    Plaintiff is an African American Woman.

18.    In February 2021, Plaintiff expressed how pleased she was with the Black Lives Matter movement. In response, Defendant stated they were tired of hearing about Black Lives Matter because at the end of the day all lives matter. Additionally, Defendant questioned Plaintiff by saying "what makes you so special?"

19.    Plaintiff reported these comments to Defendant's Human Resources (hereinafter "HR") Department, to no avail.

20.    After Ms. Malone made her complaint to HR, her manager called her into an emergency meeting. During the emergency meeting Plaintiff's manager attempted to find anything wrong with her performance.

21.    In the meeting, Defendant alleged that Plaintiff was not working her full workday. However, Plaintiff was putting in eight hours per day. Due to her workload, she was unable to take a lunch, which is why it appeared she was not working eight hours per day.

22.    Defendant also alleged that Plaintiff needed to make herself more available. This confused Plaintiff as she was always available through instant messaging.

23.    Lastly, Defendant alleged that Plaintiff was performing poorly because two team members suggested that she make slight changes to a PowerPoint. However, Plaintiff specifically asked for them to review and provide feedback so she could improve the PowerPoint.

24.    In June 2021, Plaintiff received her first poor performance review. However, Plaintiff clearly explained the situations behind those allegations, showing that they were baseless. Additionally, Defendant refused to provide explanations on how she can improve.

25.    On June 23, 2021, Defendant placed Plaintiff on a performance improvement plan (hereinafter "PIP"). Plaintiff challenged this PIP, stating that her manager was retaliating against her for filing complaints with HR.

26.    Being placed on the PIP caused Ms. Malone much distress and she went on disability from July 21, 2021, through November 22, 2021. When she returned her PIP was reinstated. Defendant then stated that Ms. Malone did not improve and terminated her employment on February 21, 2022.

- 4 -
**COMPLAINT**

27.    As a result of Defendant's unlawful actions, Plaintiff has suffered a great deal of emotional distress.

## FIRST CAUSE OF ACTION

### *Discrimination in Violation of FEHA*

### *(On Behalf of Plaintiff Against All Defendants)*

28.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

29.    The FEHA makes it unlawful to for an employer to discriminate against an employee on the basis of the employee's race.

30.    At all times relevant herein Defendant was an employer who employed five (5) or more employees and were therefore bound by FEHA.

31.    Defendant employed Plaintiff.

32.    Plaintiff's protected status under the FEHA is Plaintiff's race, as Plaintiff is African American.

33.    Defendant knew, perceived, and/or believed that Plaintiff had the aforementioned protected status, described hereinabove.

34.    On or about February 16, 2022, Defendant terminated Plaintiff's employment.

35.    Plaintiff was discharged in violation of the FEHA by Defendant due to Plaintiff's race.

36.    Plaintiff's race was a substantial motivating reason for Defendant's decision to terminate Plaintiff's employment.

37.    As a direct and proximate result of the aforementioned adverse employment actions by Defendant against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

38.    As a direct and proximate result of the aforementioned adverse employment actions by Defendant against Plaintiff, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

39.    The conduct of Defendant as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendant and their agents/employees,

- 5 -
**COMPLAINT**

managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendant.

40. Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

*Retaliation in Violation of FEHA, Cal. Gov't Code § 12940(h)*

*(On Behalf of Plaintiff Against All Defendants)*

41. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

42. Section 12940(h) of the FEHA prohibits an employer from discriminating against or retaliating against an employee for opposing any practice forbidden by the FEHA or because the person has made a complaint about conduct perceived to be a violation of the FEHA.

43. Defendant is an employer bound by FEHA.

44. Defendant employed Plaintiff.

45. Plaintiff reported to Defendants regarding discriminatory comments regarding her race.

46. Plaintiff is informed and believes and based thereon alleges that Plaintiff's complaints of race discrimination were substantial motivating reasons in Defendant's decision to terminate Plaintiff's employment.

47. `Plaintiff is informed and believes and based thereon alleges that the decision to terminate Plaintiff was made and/or ratified by Defendant's managing agents, officers and/or directors who were conscious of Plaintiff's complaints and rights under the FEHA, but disregarded those rights and acted with the intent to cause Plaintiff injury by terminating Plaintiff's employment. Defendant's disregard of Plaintiff's statutory rights is in violation of statute and public policy and would be looked down on and despised by reasonable persons.

48. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

49. As a direct and proximate result of the aforementioned adverse employment actions by

Defendant against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

50.     As a direct and proximate result of the aforementioned adverse employment actions by Defendant against Plaintiff, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

51.     The conduct of Defendant as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendant and their agents/employees, managing agents, and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendant.

52.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such; Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

*Failure to Prevent Discrimination, Harassment, and/or Retaliation in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

53.     Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

54.     Government Code section 12940(k) provides in relevant part:

> It is an unlawful employment practice . . .[f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination[,] harassment [and/or retaliation] from occurring.

55.     Further, under applicable law, in addition to discrimination and harassment, retaliation is conduct forbidden by the FEHA and actionable under Government Code section 12940(k). *See, Taylor v. City of Los Angeles Dept. of Water & Power* (2006)144 Cal.App.4th 1216, 1240, disapproved on other grounds in *Jones v. The Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158.

56.     Defendant failed to take all reasonable steps necessary to prevent discrimination and retaliation.

**COMPLAINT**

57. Plaintiff suffered and continues to suffer harm as a result of Defendants' failure to prevent discrimination and retaliation.

58. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

59. As a direct and proximate result of Defendant's failure to prevent discrimination and retaliation, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

60. As a direct and proximate result of Defendant's failure to prevent discrimination and retaliation, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

61. The conduct of Defendant as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendant and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendant.

62. Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

*Wrongful Termination in Violation of Public Policy (Tameny)*

*(On Behalf of Plaintiff Against All Defendants)*

63. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

64. Plaintiff's termination violates fundamental principles of public policy in that there is a substantial and fundamental policy against terminating employees for unlawful purposes, including on account of discrimination and retaliation.

65. Defendant employed Plaintiff.

66. Defendant terminated Plaintiff in violation of Plaintiff's rights and public policy by terminating her due to discrimination and retaliation.

- 8 -
**COMPLAINT**

67. Plaintiff was harmed.

68. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

69. In doing the acts described herein, Defendant deprived Plaintiff of prospective career and employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all State and local laws, procedures and regulations.

70. As a proximate result of Defendant's willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has sustained substantial losses in earnings and other employment benefits.

71. As a proximate result of Defendant's willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has suffered and continues to suffer humiliation, and emotional distress; the amount of such damages to be determined by proof at trial.

72. The conduct of Defendant as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendant and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendant.

## FIFTH CAUSE OF ACTION

*Waiting Time Penalties for Failure to Timely Pay Final Wages*

*Cal. Lab. Code §§ 201 and 203*

*(On Behalf of Plaintiff Against All Defendants)*

73. Plaintiff incorporates by reference all preceding allegation as if fully set forth herein.

74. Labor Code section 201 provides, in pertinent part: "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." (Cal. Lab. Code § 201(a).)

75. Labor Code section 203(a) provides in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with [s]ections 201 . . . [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

76. Defendant terminated Plaintiff's employment, but willfully refused to perform their

- 9 -
COMPLAINT

obligations to timely pay Plaintiff all earned and unpaid wages owed at the time of termination in violation of Labor Code section 201.

77. As a result of Defendant's conduct, Plaintiff has suffered damages and is, therefore, entitled to waiting time penalties at Plaintiff's regular wage rate from the due date thereof (the date of termination) until all wages are paid or an action is commenced, up to a maximum of thirty (30) days, all subject to proof and pursuant to Labor Code section 203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. For an award of compensatory damages, including without limitation lost wages, earnings, benefits, and other compensation, according to proof, as well as damages for emotional distress, loss of enjoyment of life, humiliation, pain and suffering, injury to reputation, embarrassment, fear, anxiety and anguish, according to proof as allowed by law;

2. For an award of unpaid wages and statutory penalties, according to proof as allowed by law.

3. Equitable relief including, but not limited to, reinstatement and restitution;

4. Injunctive relief, including compliance with the above-identified labor codes;

5. For an award of punitive damages as allowed by law;

6. For a declaratory judgment that Defendant has violated California public policy;

7. For an award of prejudgment and post-judgment interest;

8. For an award of reasonable attorneys' fees;

9. For all costs of suit; and

10. For an award of any other and further legal and equitable relief as the Court deems just and proper.

Dated: February 21, 2024

JAURIGUE LAW GROUP

Michael J. Jaurigue
S. Sean Shahabi
Nicole Clancy
*Attorneys for Plaintiff*
Damitria Malone

- 10 -
**COMPLAINT**

### *DEMAND FOR JURY TRIAL*

Plaintiff requests a trial by jury as to all causes of action.

Dated: February 21, 2024

**JAURIGUE LAW GROUP**

Michael J. Jaurigue
S. Sean Shahabi
Nicole Clancy
*Attorney for Plaintiff*
Damitria Malone

- 11 -
**COMPLAINT**

# EXHIBIT 1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Damitria Malone

CRD No. 202402-23704421

Complainant,

vs.

Centene Corporation
4151 E Commerce Way
Sacramento, CA 95834

Respondents

---

**1.** Respondent **Centene Corporation** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Damitria Malone**, resides in the City of **Glendale,** State of **CA.**

**3.** Complainant alleges that on or about **February 21, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric), race (includes hairstyle and hair texture) and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, denied work opportunities or assignments.

**Additional Complaint Details: 1.**    Damitria Malone (hereinafter "Claimant") is a former employee of Centene Corporation (hereinafter "Respondents") where she was employed as

-1-
*Complaint – CRD No. 202402-23704421*

Date Filed: February 21, 2024

CRD-ENF 80 RS (Revised 12/22)

a Membership Accounting Representative, Vendor Operations Analysist, and Senior Vendor Analysist from October 3, 2011 until February 16, 2022.

2.      Claimant is an African American Woman.

3.      In February 2021, Claimant expressed how pleased she was with the Black Lives Matter movement. In response, Respondents stated they were tired of hearing about Black Lives Matter because at the end of the day all lives matter. Additionally, Respondent questioned Claimant by saying "what makes you so special?"

4.      Claimant reported these comments to Respondent's Human Resources (hereinafter "HR") Department, to no avail.

5.      After Claimant made her complaint to HR, her manager called her into an emergency meeting. During the emergency meeting Claimant's manager attempted to find anything wrong with her performance.

6.      In the meeting, Respondents alleged that Claimant was not working her full workday. However, Claimant was putting in eight hours per day. Due to her workload, she was unable to take a lunch, which is why it appeared she was not working eight hours per day.

7.      Respondents also alleged that Claimant needed to make herself more available. This confused Claimant as she was always available through instant messaging.

8.      Lastly, Respondents alleged that Claimant was performing poorly because two team members suggest that she make slight changes to a PowerPoint. However, Claimant specifically asked for them to review and provide feedback so she could improve the PowerPoint.

9.      In June 2021, Claimant received her first poor performance review. However, Claimant clearly explained the situations behind those allegations, showing that they were baseless. Additionally, Respondents refused to provide explanations on how she can improve.

10.     On June 23, 2021, Respondents placed Claimant on a performance improvement plan (hereinafter "PIP"). Claimant challenged this PIP, stating that her manager was retaliating against her for filing complaints with HR.

11.     Being placed on the PIP caused Claimant much distress and she went on disability from July 21, 2021, through November 22, 2021. When she returned her PIP was reinstated.  Respondents then stated that Claimant did not improve and terminated her employment on February 21, 2022.

Complaint – CRD No. 202402-23704421

Date Filed: February 21, 2024

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Michael Jaurigue**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On February 21, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Glendale CA**

-3-
*Complaint – CRD No. 202402-23704421*

Date Filed: February 21, 2024

CRD-ENF 80 RS (Revised 12/22)

# EXHIBIT 2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 21, 2024

Michael Jaurigue
Jaurigue Law Group, 300 W. Glenoaks Blvd, Suite 300
Glendale, CA 91202

RE:   **Notice to Complainant's Attorney**
CRD Matter Number: 202402-23704421
Right to Sue: Malone / Centene Corporation

Dear Michael Jaurigue:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                              KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 21, 2024

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202402-23704421
      Right to Sue: Malone / Centene Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 21, 2024

Damitria Malone
Jaurigue Law Group, 300 W. Glenoaks Blvd, Suite 300
Glendale, CA 91202

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202402-23704421
       Right to Sue: Malone / Centene Corporation

Dear Damitria Malone:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective February 21, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael J. Jaurigue, Esq. (SBN 208123); S. Sean Shahabi, Esq. (SBN 204710) JAURIGUE LAW GROUP, 300 West Glenoaks Blvd., Suite 300, Glendale, CA 91202 | |

TELEPHONE NO.: (818) 630-7280          FAX NO.: (888) 879-1697
EMAIL ADDRESS: service@jlglawyers.com, michael@jlglawyers.com
ATTORNEY FOR *(Name):* Plaintiff Damitria Malone

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
**02/21/2024**
By: _____ H. Thomas _____ Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon D. Schaber Courthouse

CASE NAME:
Damitria Malone v. Centene Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited (Amount (Amount demanded demanded is exceeds $35,000) $35,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **24CV003102** JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is  [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4.  Number of causes of action *(specify):* 5
5.  This case [ ] is  [x] is not    a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 21, 2024
Nicole Clancy

▶

_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

For your protection and privacy, please press the Clear

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SACRAMENTO

COURTHOUSE ADDRESS:
Gordon D. Schaber Superior Court
720 9th Street, Sacramento, CA 95814

PLAINTIFF/PETITIONER:
Damitria Malone

DEFENDANT/RESPONDENT:
Centene Corporation

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE) | CASE NUMBER: 24CV003102 |
|---|---|

Court Use Only

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| LAW & MOTION | Christopher E. Krueger | Hall of Justice | 54 |
| CASE MANAGEMENT PROGRAM | Kenneth C. Mennemeier | Gordon D. Schaber Superior Court | 38 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

## NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM** on **January 31, 2025** in **Department 38** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

**NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)**

| SHORT TITLE: MALONE vs CENTENE CORPORATION | CASE NUMBER: 24CV003102 |
|---|---|

## Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

## Remote Appearances

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

## Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

## Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

## Service of Notice of Case Assignment and Case Management Conference

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

## Compliance

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

## Continuances

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 02/22/2024                    By:          /s/ H. Thomas

H. Thomas, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)**

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
03/22/2024
By: _____N. Zeyaad_____ Deputy

Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
Nicholas McKinney, Bar No. 322792
nmckinney@littloer.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone:     916.830.7200
Fax No.:        916.561.0828

Attorneys for Defendant
CENTENE CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| DAMITRIA MALONE, an individual,<br><br>             Plaintiff,<br><br>    v.<br><br>CENTENE CORPORATION; and DOES 1 through 50, inclusive,<br><br>             Defendant. | Case No.  24CV003102<br><br>**DEFENDANT CENTENE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Trial Date:        Not Yet Set<br>Complaint Filed:  February 21, 2024 |

Defendant CENTENE CORPORATION ("Defendant"), hereby answers the Complaint of Plaintiff DAMITRIA MALONE ("Plaintiff") pursuant to section 431.30(b) of the California Code of Civil Procedure, without waiving any right to remove to federal court, as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant generally denies each and every allegation contained in Plaintiff's Complaint and further denies that Plaintiff is entitled to penalties, attorneys' fees, costs of suit, general damages, special damages, compensatory damages, interest, injunctive relief, or any other relief of any kind whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses, which it has designated, collectively, as "affirmative defenses." Defendant's designation of its defenses as "affirmative" is not intended to alter Plaintiff's burden of proof with regard to any element of her causes of action. Moreover, Defendant does not presently know all the factors concerning Plaintiff's conduct sufficient to state all affirmative defenses at this time and reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint and each and every alleged cause of action therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the equitable doctrine of waiver.

///

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata and/or Collateral Estoppel)

7. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the doctrine of *res judicata* and/or collateral estoppel.

///

///

///

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

3

DEFENDANT CENTENE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

8.     Each purported cause of action set forth in the Complaint is barred, in whole or in part, by the applicable statute(s) of limitation, including, without limitation, those set forth in California Government Code sections 12960 and 12965(b) and (d); California Code of Civil Procedure sections 335.1, 338, 340 and 343; California Code of Civil Procedure sections 337, 338(a) and(d), 339, 340 and 343, and/or California Business & Professions Code section 17208.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

9.     The Complaint, and each cause of action set forth therein are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies with the California Civil Rights Department, formerly known as California Department of Fair Employment and Housing ("CRD"), and/or the Equal Employment Opportunity Commission.

## TENTH AFFIRMATIVE DEFENSE

### (Claims Exceed Scope of Administrative Charge(s))

10.     Defendant is informed and believes that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent that Plaintiff did attempt to exhaust her administrative remedies with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, the causes of action asserted in the Complaint are not like or reasonably related to the allegations of Plaintiff's charge(s) filed with the CRD, and/or the Equal Employment Opportunity Commission.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

11.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences because Defendant took all reasonable steps to comply with the law, but Plaintiff unreasonably failed to follow Defendant's policies and practices

and failed to use the preventative and corrective opportunities provided to her, and the reasonable adherence to or use of such procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered.

## TWELFTH AFFIRMATIVE DEFENSE

### (Managerial Privilege)

12. Without admitting any of the acts, conduct, or statements attributed to Defendant in the Complaint, Defendant alleges that it took no inappropriate action toward Plaintiff and any actions taken toward Plaintiff by Defendant are protected by the managerial privilege in that Defendant's actions with respect to Plaintiff's employment, which Plaintiff claims to be wrongful, were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons based upon all relevant facts and circumstances known by Defendant at the time it acted, therefore barring Plaintiff from recovery in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons for Employment Decisions)

13. The Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, because the employment decisions about which Plaintiff complains were based upon legitimate, non-discriminatory and non-retaliatory business reasons.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Defendant Acted in Good Faith and with Good Cause)

14. Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because good cause existed for each and every action taken by Defendant with respect to Plaintiff's employment and Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Mixed-Motive)

15. Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that even if Plaintiff could establish that any of the allegations set forth in the Complaint were motivated by a potentially illegitimate motive, that

Defendant would have made the same decision and/or taken the same action even if it had not taken the alleged illegitimate motive into account.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

16.     Defendant alleges that, to the extent Defendant acquires any evidence of wrongdoing by Plaintiff during the course of this litigation that would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, and/or terminated, such after-acquired evidence shall bar Plaintiff's claims for damages and shall reduce such claims as provided by law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of Duties)

17.     Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred, in whole or in part, by Plaintiff's own breach of duties owed to Defendant under California Labor Code sections 2853, 2854, 2856, 2857, 2858 and/or 2859.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

18.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, or the liability for them reduced, to the extent Plaintiff failed to exhaust appropriate internal remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

19.     Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because Plaintiff has been an at-will employee at all times during her employment with Defendant, with no entitlement to continued employment pursuant to Section 2922 of the California Labor Code.

///

///

///

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

6

DEFENDANT CENTENE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Outside Course and Scope of Employment)**

20.     Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that the Complaint and each cause of action set forth therein are barred, in whole or in part, because if Plaintiff suffered any injury (which Defendant denies), such injury was caused by the practices or instrumentalities of parties and/or unauthorized individuals who were not within the scope and exclusive control of Defendant, nor acting within the course and scope of their employment with Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Avoid Harm)**

21.     Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, because: (a) Defendant has exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory behavior, including, but not limited to, having in place appropriate policies and procedures which were communicated to Plaintiff; (b) Plaintiff has unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm; and (c) Plaintiff's reasonable use of Defendant's policies and procedures would have prevented at least some of the purported harm of which Plaintiff now complains.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Offset)**

22.     Defendant alleges that any recovery to which Plaintiff might otherwise be entitled must be offset by any unemployment benefits and/or other monies and/or benefits Plaintiff has received or will receive.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

23.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, Plaintiff failed to exercise reasonable care to

mitigate her damages, if any were suffered, and that her rights to recover against Defendant should be reduced and/or eliminated by such a failure.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Damages Caused by Outside Factors)

24.     If Plaintiff has suffered any damages as alleged in her Complaint, such damages were proximately caused by factors other than Plaintiff's employment, the actions of Defendant and/or anyone acting on Defendant's behalf.  If Plaintiff suffered any damages, such damages were proximately or legally caused by the misconduct of Plaintiff and/or parties other than Defendant and, accordingly, any award of damages must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiff, other parties and/or unauthorized individuals, including both economic and non-economic damages.  In the event of such apportionment, Defendant is entitled to a separate judgment for non-economic damages in direct proportion to its percentage of fault, if any is found, notwithstanding Defendant's continuing denial of any fault, pursuant to California Civil Code section 1431.2, with such percentage determined by the comparative fault of all parties, non-parties and/or unauthorized individuals to this action, known or unknown.  To assess any greater percentage of fault and damages than its own against Defendant would constitute a denial of equal protection of the law and due process which is guaranteed by the United States and California Constitutions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualifications)

25.     Defendant is informed and believes, and on that basis alleges, that the Complaint and each and every alleged cause of action, in whole or in part, are barred because Defendant's conduct toward Plaintiff was fully justified based upon its judgment of differences in individual performance, qualifications, skill, effort, responsibility, merit or other *bona fide* occupational qualifications.

///

///

///

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Private Right of Action)**

26.    Defendant alleges Plaintiff's Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA is barred, in whole or in part, because it does not exist as a private right of action.

**TWENT-SEVENTH AFFIRMATIVE DEFENSE**

**(Reasonable Care)**

27.    Defendant alleges that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, on the grounds that if any discriminatory, harassing or retaliatory behavior occurred (which Defendant denies), Defendant exercised reasonable care to prevent and promptly and appropriately redress all such behavior.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Knowledge)**

28.    Defendant alleges that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, because Defendant did not have knowledge of any propensity by the alleged actor(s) to engage in the particular form of alleged wrongdoing Plaintiff alleged in the Complaint.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

29.    Defendant alleges that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to Defendant in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

9

DEFENDANT CENTENE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Punitive Damages Not Justified)**

30.     Defendant alleges that without admitting to any of the acts, conduct or statements attributed to it by Plaintiff's Complaint, Plaintiff's claims for punitive damages are barred because the acts, conduct, or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification, or act of oppression, fraud, or malice on the part of an officer, director or managing agent of Defendant.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Unauthorized Conduct)**

31.     Defendant alleges that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, because even assuming, *arguendo*, any agent of Defendant engaged in any unlawful conduct toward Plaintiff (which Defendant denies), said conduct occurred outside the course and scope of any employment or agency relationship with Defendant, in violation of Defendant's policies, and/or without the knowledge, authorization, consent, or ratification of Defendant.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(No Entitlement to Prejudgment Interest)**

32.     The Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Damages Too Speculative)**

33.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges that the Complaint and each cause of action set forth therein, or some of them, are barred because the damages Plaintiff alleges in the Complaint, if any, are too speculative to be recoverable at law.

///

///

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

10

DEFENDANT CENTENE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff's Claims are in Bad Faith)

34.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and her attorneys pursuant to California law including, but not limited to California Code of Civil Procedure section 128.5 and/or Government Code section 12965(b).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

35.     The Complaint and each cause of action set forth therein is barred, in whole or in part, to the extent Plaintiff released the claims and damages sought and/or acknowledged an accord and satisfaction of any claim asserted in the Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties)

36.     As a separate and distinct defense, Plaintiff's claims pursuant to or related to California Labor Code section 203 are barred, in whole or in part, because: (a) Defendant has not willfully failed to pay such additional compensation, if any is owed; (b) a good faith dispute exists as to whether wages are owed; (c) the compensation/premiums sought do not constitute wages; and (d) to impose penalties in this case would be inequitable and unjust.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant does not presently know all of the facts concerning the conduct of Plaintiff and Plaintiff's claims sufficient to state all affirmative defenses at this time.  Accordingly, Defendant expressly reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional affirmative defenses.

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.   That Plaintiff take nothing by the Complaint;

2.   That the Complaint be dismissed in its entirety, with prejudice, and that Judgment be entered against Plaintiff and in favor of Defendant on Plaintiff's causes of action;

3.   That Defendant is granted its reasonable costs and attorneys' fees in defending this action; and

4.   For such other and further relief as the Court deems just and proper.

Dated:   March 21, 2024                        LITTLER MENDELSON, P.C.


_____
BARBARA A. BLACKBURN
NICHOLAS MCKINNEY
Attorneys for Defendant
CENTENE CORPORATION

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I am employed in  County, California.  I am over the age of eighteen years and not a party to the within-entitled action.   My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814.  On March 22, 2024, I served a copy of the within document(s):

### DEFENDANT CENTENE CORPORATION'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is smasada@littler.com:

|  |  |
|---|---|
| Michael J. Jaurigue (SBN 208123) | Attorneys for Plaintiff |
| S. Sean Shahabi (SBN 204710) | DAMITRIA MALONE |
| Nicole R. Clancy (SBN 305341) |  |
| JAURIGUE LAW GROUP |  |
| 300 West Glenoaks Boulevard, Suite 300 |  |
| Glendale, California 91202 |  |

service@jlglawyers.com
michael@jlglawyers.com
sean@jlglawyers.com
nicole@jlglawyers.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 22, 2024, at Sacramento, California.

_____
Sophia Masada

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
916.830.7200

13

DEFENDANT CENTENE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT